**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MANASSEH PHILIP, | ) | |
| ID # 43839-177, | ) | |
|     Movant, | ) | No. 3:14-CV-2623-L-BH |
| vs. | ) | No. 3:11-CR-0361-L (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**I. BACKGROUND**

Manasseh Philip (Movant), a federal prisoner, challenges his conviction and sentence in Cause No. 3:11-CR-0361-L. The respondent is the United States of America (Government).

**A.**  **Plea and Sentencing**

On December 20, 2011, Movant was indicted for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). (*See* doc. 1.)[1] On February 23, 2012, he pled guilty to the single-count indictment. (Doc. 62.) In the supporting factual resume, Movant admitted that on November 30, 2011, in the Dallas Division of the Northern District of Texas, he was an alien found in the United States after having been removed on or about April 20, 1999, and he had not received the express consent of the United States Attorney General or the Secretary of Homeland Security to reapply for admission since the time of his previous removal. (Doc. 13 at 4.)

---

[1] Unless otherwise noted, the document numbers refer to documents in the underlying criminal case. Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He filed a motion to withdraw his guilty plea on July 18, 2012, but the motion was denied on August 16, 2012. (Docs. 26, 29).

The Presentence Report (PSR) noted that on July 12, 1988, Movant had been convicted of aggravated sexual assault of a child under 14 in Cause No. F-8881768 in the 283rd Judicial District Court of Dallas County, Texas, and sentenced to 5 years' imprisonment. (Doc. 31-1 at 8.) It stated the facts of the offense based on the indictment, judicial confession, and Dallas police records, (*id.* at 10), and included certified copies of the judgment, indictment, judicial confession, and plea bargain agreement from that case, (*id.* at 26-30). The PSR found that the conviction was for a crime of violence under U.S.S.G. § 2L1.2, (*id.* at 10), and that it increased the offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), (*id.* at 8). The PSR also noted a second July 12, 1988, conviction for indecency with a child younger than 17 years in Cause No. F-8789788 in the 283rd Judicial District Court of Dallas County, that resulted in a 2-year sentence. (*Id.* at 9). It stated the facts of that offense based on the indictment, judicial confession, and Dallas police records, (*id.* at 9), and included certified copies of the judgment, indictment, judicial confession, and plea bargain agreement from that case, (*id.* at 21-25).

The PSR calculated the base offense level as 8, and it assessed a 16-level increase for the conviction in Cause No. F-8881768 as a crime of violence and a two-level decrease for acceptance of responsibility under § 3E1.1(a), for a total offense level of 22. (*Id.* at 8.) Based on a criminal history category of III, it found that Movant's guideline range was 51-63 months. (*Id.* at 10, 18.)

Movant objected to the 16-level increase for conviction of a crime of violence and the criminal history computation, and he asked for a departure on grounds that the offense level substantially overstated the seriousness of his prior convictions. (Doc. 36 at 1.) He argued that the

2

conviction used for the 16-level increase was over fifteen years old, and both convictions were too remote to be counted for criminal history points. (*Id*. at 2.) The Government responded that the 16-level increase and criminal history calculation were proper, and that a downward departure was not warranted. ( Doc. 37.)

An addendum to the PSR concluded that the 16-level increase was proper. (Doc. 38-1 at 2.) It revised the criminal history calculation to treat the two 1988 sentences as one, resulting in fewer criminal history points, but it did not change the criminal history category. (*Id*. at 3-5.) It found no factors warranting a downward departure. (*Id*. at 3.) It also modified the PSR to also treat the conviction in Cause No. F-8789788 for indecency with a child as a crime of violence under § 2L1.2. (*Id*. at 5.) A second addendum to the PSR supplied a request from Movant's stepdaughter, the victim in Cause No. F-8789788, that Movant not be further punished for the crimes he committed against her and her sister, the victim in No. F-8881768. (Doc. 40-1.)

Movant filed a sentencing memorandum that again argued for a downward departure on grounds that the guideline calculation substantially overstated the seriousness of the prior convictions. (Doc. 42.) He attached letters from his ex-wife, the two victims, and others. (Docs. 42-1, 42-2, 42-3.) He admitted at sentencing that he took full responsibility for the crime in Cause No. F-8789788, for which he pled guilty, but he said he did not commit the crime in Cause No. F-8881768, and that he pled "no contention" in that case. (Doc. 67 at 17-18.) The victim in Cause No. F-8881768 and her mother testified at sentencing that Movant did not commit that offense. (*Id*. at 22-27, 27-33.)

The Court overruled Movant's objections to the 16-level adjustment and remoteness of the prior convictions. (*Id*. at 10.) It determined that the two prior convictions should count as one in

3

the calculation of criminal history points, but that the criminal history category remained the same. (*Id.*) It adopted the PSR as amended (doc. 45), denied the request for a downward departure (doc. 67 at 15), and sentenced Movant to 60 months' imprisonment. (Doc. 44 at 2.)

On direct appeal, counsel filed an *Anders*[2] brief, and Movant responded. The Fifth Circuit found that there were no nonfrivolous issues, granted the motion for leave to withdraw, and dismissed Movant's appeal. *United States v. Philip,* 554 F. App'x 295 (5th Cir. 2014). He did not petition the Supreme Court for a writ of certiorari.

**B.    Substantive Claims**

Movant filed an original § 2255 motion that was executed on July 17, 2014. (§ 2255 case doc. 1.) On August 1, 2014, he filed an amended § 2255 motion alleging that counsel was ineffective for failing to argue he should not have received a 16-level enhancement based on a prior crime of violence, because he entered an *Alford*[3] plea.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

4

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Where a § 2255 movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if he can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Frady*, 456 U.S. at 167-68). However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the [ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the defense. *Willis*, 273 F.3d at 597.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant's sole ground for relief alleges counsel failed to argue that he could not receive a 16-level increase under § 2L1.2 for a prior crime of violence because he entered an *Alford* plea in Cause No. F-8881768.

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI.  To successfully state a claim of ineffective assistance of trial or appellate counsel, a movant must generally demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696.  The prongs may be addressed in any order. *Smith v. Robbins*, 528 U.S.

5

259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (focusing inquiry on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Movant claims that counsel should have argued that his conviction in Cause No. F-8881768 could not have been used for a 16-level increase under § 2L1.2 as a crime of violence because he entered an *Alford* plea.[4] When a court permits a defendant to enter an *Alford* plea, the defendant pleads guilty while maintaining his innocence. *United States v. Flores-Vasquez*, 641 F.3d 667, 671 n.3 (5th Cir. 2011). Movant contends he entered an *Alford* plea as allowed under state law because he feared he could not get a fair trial. He asserts that he denied and never admitted his guilt, and he has maintained his innocence. He argues that his *Alford* plea was insufficient to prove he committed

---

[4] Section 2L1.2(b)(1)(A)(ii) of the sentencing guidelines provides, "If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a crime of violence . . . , increase by 16 levels."

the state offense for purposes of the 16-level increase. He relies on two pages of a transcript purporting to be from his state criminal case in which he stated that although he had not done anything, he was pleading guilty to Cause No. F-8881768 because he wanted to get out of jail and he did not know whether he would get a fair trial. (No. 3:14-CV-2623, doc. 5 at Exh. A; doc. 14 at Att. 4.) After conferring with defense counsel, Movant pled *nolo contendere*.

The judgment in Cause No. F-8881768 stated that Movant pled guilty. (Doc. 31-1 at 26.) Regardless of whether he entered an *Alford* plea, Movant admitted that he committed the offense in that case. The Judicial Confession that he signed stated, "I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case." (*Id*. at 29.) It also stated, "I judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause." (*Id*.) The state court documents show that Movant confessed to committing aggravated sexual assault of a child, which was a crime of violence under § 2L1.2. *See United States v. Sanchez-Hernandez*, 539 F. App'x 463 (5th Cir. 2013). He not shown that defense counsel rendered deficient performance by failing to object to the 16-level increase for Cause No. F-8881768 on grounds of an *Alford* plea.

In addition, Movant was also subject to a 16-level increase based on his conviction in Cause No. F-8789788 (indecency with a child), which was also a crime of violence. *See United States v. Najera-Najera*, 519 F.3d 509, 512 (5th Cir. 2008). Movant does not argue that he entered an *Alford* plea in that case. He instead contends that the conviction in Cause No. F-8789788 could not have been used for an increase under § 2L1.2 because that would violate the *Ex Post Facto* Clause of the Constitution, since the offense was committed in 1987 and was not an aggravated felony at that time. The Fifth Circuit has rejected this same argument. *See United States v. Saenz*, 27 F.3d 1016, 1019-

7

21 (5th Cir. 1994) (no violation of *Ex Post Facto* Clause by use of prior 1985 conviction under § 2L1.2 that was not an aggravated felony when it was committed).  Movant has also not demonstrated that he was prejudiced by any deficiency in failing to object based on an *Alford* plea, and he is not entitled to habeas relief.

## X.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* as amended should be **DENIED** with prejudice.

**SO RECOMMENDED on this 12th day of April, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE