IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANASSEH PHILIP, ) | | |
| ID # 43839-177, ) | | |
|     Movant, ) | | No. 3:14-CV-2623-L-BH |
| vs. ) | | No. 3:11-CR-0361-L (01) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | | Referred to U.S. Magistrate Judge |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order dated June 7, 2016 (doc. 20), before the Court is the movant's *Response to Denial and an Appeal*, received on May 3, 2016 (doc. 19.) Based on the relevant findings and applicable law, the filing is **CONSTRUED** as a motion for leave to amend the motion to vacate sentence under 28 U.S.C. § 2255, and it should be **DENIED**.

**I. BACKGROUND**

Manasseh Philip (Movant), a federal prisoner, filed a motion to vacate sentence under 28 U.S.C. § 2255 challenging his federal conviction and sentence for illegal reentry after removal from the United States. (*See* doc. 2.) He alleged that counsel was ineffective for failing to argue that he should not have received a 16-level enhancement for a crime of violence based on a prior state conviction for aggravated sexual assault of his biological daughter. (*See* doc. 4; *see also* No. 3:11-CR-0361-L, doc. 31-1 at 8, 10; doc. 45.) On April 12, 2016, it was recommended that the § 2255 motion be denied with prejudice. (*See* doc. 16.) The recommendation was accepted on June 7, 2016, but the *Response to Denial and an Appeal* (which was docketed as objections) was referred for supplemental findings and recommendation. (*See* doc. 20.) The filing did not assert objections; it asserted for the first time that Movant is innocent of the state offense and that his state attorney was ineffective because he ignored his plea of innocence, refused to investigate, told him he would

be released in eight months, failed to explain the difference between an aggravated felony and a non-aggravated felony, did not explain the immigration consequences, and told him he would receive a 99-year sentence in a jury trial because he pled guilty to another felony. (*Id.*)

## II. ANALYSIS

Because Movant's filing asserts new claims, it is liberally construed as a motion for leave to amend the § 2255 motion to add the new claims. *See Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *2 (N.D. Tex. Sept. 30, 2005) (noting that additional factual allegations and new claims raised in objections to a recommended dismissal had been construed as a motion to amend the complaint).

When a responsive pleading has been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading only with either the opposing party's written consent or the court's leave. Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, the proposed amendment is futile because it seeks to raise new claims that are not cognizable. Movant may not collaterally attack the state conviction used to enhance his federal sentence through a § 2255 motion. *See Daniels v. United States*, 532 U.S. 374, 382 (2001) ("The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255."). This general rule is subject only to an exception for "a prior conviction obtained in violation of the right to counsel." *Id*. Movant does not allege that he was denied counsel in the state criminal case; he alleges that counsel was ineffective. The exception therefore does not apply, and leave to amend should be denied.

### III. RECOMMENDATION

Movant's filing is **CONSTRUED** as a motion for leave to amend his § 2255 motion, and it should be **DENIED**.[1] His *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**SO RECOMMENDED this 14th day of June, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Movant already has a pending habeas petition under 28 U.S.C. § 2254 that challenges his state conviction and sentence, his filing is not construed as a new § 2254 petition. *See* No. 3:16-CV-985-D (N.D. Tex.).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE