IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MANASSEH PHILIP, #43839-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:14-CV-2623-L** |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) on April 12, 2016, recommending that the court deny Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), which was docketed on July 21, 2014, and dismiss this case with prejudice.   Petitioner filed objections to the Report (Doc. 19), which were docketed on May 3, 2016.

On June 7, 2016, the court determined that the magistrate judge's findings and conclusions were correct but recommitted the case to the magistrate judge to consider the new matters raised in Petitioner's objections and to submit supplemental findings and conclusions.  The court also ordered Petitioner to limit any objections to the magistrate judge's supplemental findings and conclusions to the issues raised in Petitioner's original objections to the first Report.  On June 15, 2016, the magistrate judge entered Supplemental Finding, Conclusions, and Recommendation ("Supplemental Report") (Doc. 21), recommending that the court construe Petitioner's objections to the first Report as a motion for leave to amend the section 2255 motion and deny the motion for leave to amend

because the proposed amendment seeks to raise claims that are not cognizable, and amendment would, therefore, be futile.  On June 28, 2016, the court received Petitioner's response (Doc. 22) to the Supplemental Report, which the court construes as objections to the Supplemental Report.

After carefully reviewing the pleadings, file, objections, applicable law, record in this case, and original and Supplemental Reports, and having conducted a de novo review of the portion of the Reports to which objection was made,[1] the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them (Docs. 16, 21) as those of the court.  Accordingly, the court **overrules** Petitioner's objections (Docs. 19, 22), **denies** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

---

[1] Petitioner's June 28, 2016 objections are not limited to the Supplemental Report. Petitioner instead attempts to revisit and object to the original Report.  To the extent Petitioner's June 28, 2016 objections fail to comply with the court's June 7, 2016 order because they address matters other than those raised in Petitioner's original objections and the Supplemental Report, the court does not consider them.

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this

determination, the court accepts and incorporates by reference the magistrate judge's report filed in

this case.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing

fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 29th day of June, 2016.


Sam A. Lindsay
United States District Judge